T.C. Memo. 1996-314


UNITED STATES TAX COURT


PRISCILLA B. BADGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15104-94.                    Filed July 11, 1996.


Priscilla B. Badger, pro se.

John T. Lortie, for respondent.


MEMORANDUM OPINION

HAMBLEN, Judge:  By two separate statutory notices of
deficiency each dated May 18, 1994, respondent determined
deficiencies in the amounts of $19,124 and $18,956 in
petitioner's 1990 and 1991 Federal income tax, respectively.
Respondent further determined additions to tax for failures to

file individual tax returns for the tax years 1990 and 1991 under section 6651(a) in the amounts of $174.75 and $195.25, respectively.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the 1990 and 1991 taxable years, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent now concedes that no deficiencies and no additions to tax are due from petitioner for 1990 and 1991, but petitioner seeks a refund for her overpayments of 1990 and 1991 Federal income tax.  The issue for decision is whether petitioner is entitled to a refund or credit for overpayments of her 1990 and 1991 Federal income tax, or whether the statutorily imposed time limitations of sections 6511 and 6512 preclude petitioner from obtaining any portion of her 1990 and 1991 overpayments.

## Background

This case was submitted fully stipulated pursuant to Rule 122.  The stipulation of facts and the attached exhibits are incorporated by this reference, and the facts contained therein are found accordingly.  Priscilla B. Badger (petitioner) resided in Boca Raton, Florida, at the time the petition was filed in this case.

Petitioner paid $18,425 and $18,125 of Federal income withholding tax during the taxable years 1990 and 1991, respectively.  On May 18, 1994, respondent mailed to petitioner two timely statutory notices of deficiency, one for the taxable

year 1990 and one for the taxable year 1991. As of May 18, 1994, petitioner had not filed income tax returns or claims for refund for taxes withheld for either of the tax years 1990 or 1991. During the period from May 18, 1992, through May 18, 1994, petitioner made no payments of tax and received no credits for withheld taxes or other credits for the tax years 1990 and 1991. Petitioner filed her petition with this Court on August 22, 1994. Subsequently, on October 20, 1994, petitioner filed her Federal individual income tax returns for the tax years 1990 and 1991.

The parties now agree that petitioner's total Federal income tax liabilities for the 1990 and 1991 taxable years are $16,672.62 and $17,121.04, respectively. As a result of Federal income tax withholding from her wages, petitioner paid taxes of $18,425 and $18,125 during the taxable years 1990 and 1991, respectively. These amounts are deemed to have been paid on April 15, 1991 and 1992, respectively. Accordingly, petitioner overpaid her 1990 and 1991 Federal individual income taxes by $1,752.38 and $1,053.96, respectively.

Petitioner claims that she is entitled to a determination of overpayment of her 1990 and 1991 Federal individual income taxes, and that the overpayments should be refunded to her. Respondent contends that petitioner is not entitled to a determination of overpayment because of the jurisdictional limitations of sections 6511 and 6512(b).

We hold that petitioner is not entitled to a determination of overpayment, notwithstanding that she overpaid her 1990 and 1991 Federal individual income taxes.

## Discussion

In <u>Commissioner v. Lundy</u>, 516 U.S. ____, ____; 116 S.Ct. 647, 652 (1996), the Supreme Court clarified the Tax Court's jurisdiction under sections 6512(b)[1] and 6511[2] to determine the

---

[1]Sec. 6512(b) provides in relevant part:

(b) Overpayment Determined by Tax Court.--

(1) Jurisdiction to Determine.--Except as provided by paragraph (3) * * *, if the Tax Court finds that there is * * * a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

\* \* \* \* \* \* \*

(3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

[2]Sec. 6511 provides in relevant part:

(a) Period of Limitation on Filing Claim.--Claim for credit or refund of an overpayment of any tax

(continued...)

existence and amount of any overpayment of tax when a taxpayer

had not filed a return prior to the time the Commissioner mailed

a statutory notice of deficiency.  The law is clear that when a

taxpayer failed to file a tax return or claim for refund prior to

the time the notice of deficiency was mailed, the taxpayer's

credit or refund generally is limited to those taxes paid within

---

[2](...continued)
imposed by this title in respect of which tax the
taxpayer is required to file a return shall be filed by
the taxpayer within 3 years from the time the return
was filed or 2 years from the time the tax was paid,
whichever of such periods expires the later, or if no
return was filed by the taxpayer, within 2 years from
the time the tax was paid. * * *

    (b) Limitation on Allowance of Credits and
Refunds.--

        (1) Filing of Claim Within Prescribed
Period.--No credit or refund shall be allowed or made
after the expiration of the period of limitation
prescribed in subsection (a) for the filing of a claim
for credit or refund, unless a claim for credit or
refund is filed by the taxpayer within such period.

        (2) Limit on Amount of Credit or Refund.--

            (A) Limit Where Claim Filed Within 3-
Year Period.--If the claim was filed by the taxpayer
during the 3-year period prescribed in subsection (a),
the amount of the credit or refund shall not exceed the
portion of the tax paid within the period, immediately
preceding the filing of the claim, equal to 3 years
plus the period of any extension of time for filing the
return. * * *

            (B) Limit Where Claim Not Filed Within
3-Year Period.--If the claim was not filed within such
3-year period, the amount of the credit or refund shall
not exceed the portion of the tax paid during the 2
years immediately preceding the filing of the claim.

the 2-year "look-back period" prior to the date of the mailing of the notice of deficiency, as prescribed by section 6511(b)(2)(B). Id.

Pursuant to section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on May 18, 1994, the date the notices of deficiency were mailed. Accordingly, under the 2-year look-back period of section 6511(b)(2)(B), petitioner would be entitled to a refund of any overpayments of her tax made on or after May 18, 1992, for tax years 1990 and 1991. However, because section 6513(b)(1) deems the tax withheld from petitioner's wages during 1990 and 1991 to have been paid on April 15, 1991 and April 15, 1992, respectively, no portion of the tax was paid during the 2-year look-back period.

Consequently, we must hold that petitioner is not entitled to a decision that she has an overpayment of her 1990 or 1991 Federal income tax, and, hence, no portion of the amounts withheld from petitioner's wages during 1990 and 1991 may be refunded or credited as an overpayment. Petitioner made no payments during the 2-year look-back period preceding the date the statutory notices of deficiencies were mailed, and she is barred by section 6511(b)(2)(B) from obtaining any portion of her 1990 or 1991 overpayments. Although this result may seem harsh, it follows directly from petitioner's failure, through her own neglect, to fulfill her obligations to file a timely return or otherwise to exercise her rights within the time period

statutorily mandated by section 6511(b)(2)(B).  We have

considered petitioner's arguments and find them unpersuasive.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>petitioner as to the</u>

<u>deficiency</u>

<u>and additions to tax, and</u>

<u>petitioner is not entitled to</u>

.

<u>credit or refund of</u>

<u>overpayment</u>.